No. 21-30734

———————————————

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

STATE OF LOUISIANA; STATE OF ARIZONA; STATE OF MONTANA;
STATE OF ALABAMA; STATE OF GEORGIA; STATE OF IDAHO; STATE
OF INDIANA; COMMONWEALTH OF KENTUCKY; STATE OF
MISSISSIPPI; STATE OF OKLAHOMA; STATE OF OHIO; STATE OF
SOUTH CAROLINA; STATE OF UTAH; STATE OF WEST VIRGINIA;
Plaintiffs-Appellees,

V.

XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; CHIQUITA BROOKS-LASURE; CENTERS FOR
MEDICARE AND MEDICAID SERVICES,
Defendant-Appellees,

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
Case No. 3:21-cv-03970

———————————————

**PLAINTIFFS' EMERGENCY NOTICE OF INDICATIVE RULING
AND MOTION FOR REMAND
UNDER FRAP 12.1 AND CIRCUIT RULE 27.3
DECISION REQUSTED BY FEBRUARY 11, 2022**

———————————————

AUSTIN KNUDSEN
Montana Attorney General
David Dewhirst*
Solicitor General
Kathleen L. Smithgall
   Assistant Solicitor General
215 North Sanders Street
Helena, MT 59601
David.Dewhirst@mt.gov
Kathleen.Smithgall@mt.gov

*Counsel for the State of Montana*

MARK BRNOVICH
Arizona Attorney General
   Drew C. Ensign
   Deputy Solicitor General
2005 North Central Avenue
Phoenix, AZ 85004
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov
ACL@azag.gov

*Counsel for the State of Arizona*

ELIZABETH B. MURRILL
   Solicitor General
J. SCOTT ST. JOHN
   Deputy Solicitor General
MORGAN BRUNGARD*
JOSIAH KOLLMEYER
   Assistant Solicitors General
LOUISIANA DEPARTMENT OF
JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
brungardm@ag.louisiana.gov
kollmeyerj@ag.louisiana.gov

JIMMY R. FAIRCLOTH, JR.
jfaircloth@fairclothlaw.com
MARY KATHERINE PRICE
kprice@fairclothlaw.com
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

*Counsel for the State of Louisiana*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Drezner, Michael

Ensign, Drew C.

Faircloth Melton Sobel & Bash, LLC

Faircloth, Jimmy R., Jr.

Fisher, Thomas M.

Harris, Julie S.

Hydrick, Thomas T.

Klein, Alisa B.

Kollmeyer, Josiah

Kossak, Jonathan D.

Manley, Marc E.

McElvain, Joel L.

Murrill, Elizabeth B.

Myron, Laura E.

Price, Mary Katherine

See, Lindsay S.

St. John, Joseph S.

In accordance with Federal Rule of Appellate Procedure 26.1, the undersigned counsel certifies that none of the named Appellees have any parent corporation and that no publicly held corporation holds more than 10% of their stock.

*/s/ Elizabeth B. Murrill*
Elizabeth B. Murrill
*Counsel for the State of Louisiana*
Dated: February 10, 2022

# CIRCUIT RULE 27.3 CERTIFICATE

Pursuant to Circuit Rule 27.3 Plaintiff-Appellees, the States of Louisiana, Arizona, Montana, Alabama, Georgia, Idaho, Indiana, Kentucky, Mississippi, Ohio, Oklahoma, South Carolina, Utah, and West Virginia (hereinafter, "Plaintiff States") respectfully submit this certificate in connection with their Emergency Notice of Indicative Ruling and Motion for Remand.

This emergency motion stems from a challenge to the Vaccine Mandate imposed by the Centers for Medicare & Medicaid Services ("CMS"). The mandate will require certain employees to get vaccinated by Monday, February 14, 2021, and therefore Plaintiff States need to seek further relief from the district court as quickly as possible. The district court determined that it lacks jurisdiction to rule on such further relief due to this pending appeal. But the court also issued an indicative ruling that, if this Court were to remand the matters back to the district court, it would grant the Plaintiff States' Motion for Leave to File Second Amended, Supplemental, and Restated Complaint with regard to two issues: (1) the legality of CMS's new guidance documents, and (2) the constitutionality of CMS's ongoing Vaccine Mandate enterprise under the Anti-Commandeering Doctrine. The Plaintiff States are thus asking that this Court remand for the limited purpose of allowing the district court to grant the Plaintiff States' Motion and conduct further proceedings on the two issues highlighted by the indicative order.

After previously expressing opposition to vaccine mandates, the President admitted that his "patience" began "wearing thin" with those who had not gotten vaccinated.  The White House, *Remarks by President Biden on Fighting the COVID-19 Pandemic* (Sept. 9, 2021), https://bit.ly/3Ey4Zj6.  On November 5, 2021, CMS published an interim final rule requiring vaccination of staff by 21 types of Medicare and Medicaid providers subject to Medicare or Medicaid conditions of participation, conditions for coverage, or requirements for participation.  Medicare and Medicaid Programs; Omnibus COVID-19 Heath Care Staff Vaccinations, 86 Fed. Reg. 61555, 61556 (Nov. 5, 2021) ("the Vaccine Mandate").  The regulations themselves require that every type of covered entity "develop and implement policies and procedures to ensure that all staff are fully vaccinated for COVID–19." *See, e.g.*, 42 C.F.R. §416.51(c).  The policy must apply to every person "who provide[s] any care, treatment, or other services for the [entity] and/or its patients," including employees, contractors, trainees, students, and volunteers. *Id.* §416.51(c)(1).

In states that had not brought litigation against CMS, including Tennessee and Virginia, CMS pushed the initial deadline back to January 27, 2022, and the second deadline for full vaccination back to February 28, 2022.  *See* CMS, *Guidance for the Interim Final Rule – Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination* (Dec. 28, 2021), https://go.cms.gov/35Vyzmx.  After the Supreme Court granted a stay of the district court's injunction, CMS determined

that affected workers must receive the first dose by February 14, 2022, and complete the primary vaccine series by March 15, 2022. *See* CMS, *Guidance for the Interim Final Rule – Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination* (Jan. 14, 2022), https://go.cms.gov/3suxmKE.

### A.    Contact Information of Counsel

The office and email addresses and telephone numbers of the attorneys for the parties are included below as Appendix A to this certificate.

### B.    Nature of the Emergency

As discussed above, the mandate being challenged requires individuals to receive their first shot by Monday February 14, 2022. The Plaintiff States need to seek relief from the District Court on or before that date, or as soon thereafter as possible, and to do so need a remand from this Court pursuant to Fed. R. App. P. 12.1.

The Defendant's appeal has been resolved, but while the case remains pending, the Plaintiff States are precluded from continuing to seek resolution of this matter on the merits. To begin with, the Plaintiff States have already sought to amend their complaint, resulting in the indicative ruling noticed in this motion.

Moreover, CMS continues to issue a seemingly never-ending set of regulatory dictates that not only change the nature and scope of the original Vaccine Mandate but establish new mandates and punishments for noncompliance while further

creating uncertainty for healthcare providers who are already under significant strain.

After the Supreme Court granted the stay of the injunction, CMS issued guidance on January 25, 2022, imposing the Vaccine Mandate on state surveyors performing federal oversight of facilities that accept Medicaid and Medicare funds. CMS, QSO-22-10-ALL, *Vaccination Expectations for Surveyors Performing Federal Oversight*, https://go.cms.gov/34pQK3G ("January 25 Guidance Mandate"). The January 25 Guidance Mandate directs that "[s]urveyors who are not fully vaccinated should not participate as part of the onsite survey team performing federal oversight of certified providers and suppliers." *Id*. at 2. CMS further noted that "[c]urrent performance and timeliness standards for State Survey Agencies and AOs remain, and consideration will not be provided for failures to meet these expectations due to a lack of vaccinated surveyors to complete the mandated workload." *Id.* This not only expands the Vaccine Mandate, in creates a new mandate directly applicable to the States.

Moreover, on February 9, CMS mandated further guidance to state surveyors, attempting once again to run roughshod over States. CMS QSO-22-12-ALL*, State Obligations to Survey to the Entirety of Medicare and Medicaid Health and Safety Requirements under the 1864 Agreement* (Feb. 9, 2022), https://go.cms.gov/34PVy24, ("February 9 Guidance"). Despite Defendants'

claims in their response to Plaintiffs' Motion for Leave to File Second Amended Complaint that "The January 25 memorandum does not reserve to CMS any role in enforcing the agency's 'expectations,' or threaten any consequence to state survey agencies that act contrary to its terms," CMS has decided to do just that. *Louisiana v. Becerra,* No. 3:21-cv-03970, Def. Memo. in Opposition (February 7, 2022). CMS claims not only authority to unilaterally dictate surveying procedures, but also demands that States send their surveyors out to enforce compliance at every covered facility or provider.

The February 9 Guidance warns that "States that fail to perform survey and certification functions in a manner sufficient to assure the CMS of the full certification of compliance" with the Vaccine Mandate and subsequent guidance "may, among other things, receive a revised Survey and Certification budgetary allocation." *See* February 9 Guidance at 1-2. The new guidance goes on to warn States that "In making the Survey and Certification budgetary allocation, CMS may, among other things, adjust the amount allocated to States that refuse to survey and certify compliance" with the Vaccine Mandate and related regulatory guidance. *Id.* at 3. Not only does this newest change to the rules expressly ignore any State policymaking, but also CMS threatens to reduce funding under the 1864 agreements if state surveying does not commence. *Id.*

Finally, as Plaintiff States warned, the Vaccine Mandate and subsequent regulatory guidance is exacerbating a healthcare staffing crisis which not only threatens thousands with job loss, but fundamentally undermines the welfare of patients—many of whom remain the most vulnerable members of our communities. Enforcement has already commenced, the first deadlines for compliance have already occurred, and both state-ran and private sector healthcare providers are already forced into the Hobson's choice of continuing to litigate, terminating thousands of frontline healthcare workers in the middle of a severe staffing shortage crisis, or forfeiting crucial Medicaid and Medicare funds.

### C.    Notification of Counsel for Other Parties

On February 10, 2022, the Plaintiff States notified all parties of their intent to seek an emergency motion to remand on that same day. The Plaintiff States communicated directly with trial counsel, and left voicemail messages for appellate counsel. Defendants do not agree to this motion. The Parties did not agree to a briefing schedule, but the Plaintiff States propose the following briefing schedule:

- Thursday, February 10:  State's Emergency Motion filed

- Friday, February 11 at 12:00 PM CT: Federal Defendants' Response Due

- Friday, February 11 at 3:00 PM CT: State's Reply to Response Due

**Appendix A: Contact Information of Attorneys**

AUSTIN KNUDSEN
Montana Attorney General
David Dewhirst
  Solicitor General
Kathleen L. Smithgall
  Assistant Solicitor General
215 North Sanders Street
Helena, MT 59601
David.Dewhirst@mt.gov
Kathleen.Smithgall@mt.gov

*Counsel for the State of Montana*

MARK BRNOVICH
  Arizona Attorney General
Drew C. Ensign
  Deputy Solicitor General
2005 North Central Avenue
Phoenix, AZ 85004
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov
ACL@azag.gov

*Counsel for the State of Arizona*

ELIZABETH B. MURRILL (La #20685)
  Solicitor General
J. SCOTT ST. JOHN (La #36682)
  Deputy Solicitor General
MORGAN BRUNGARD
JOSIAH KOLLMEYER (La #39026)
  Assistant Solicitors General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766

murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
brungardm@ag.louisiana.gov
kollmeyerj@ag.louisiana.gov

*Counsel for the State of Louisiana*

JIMMY R. FAIRCLOTH, JR. (La. #20645)
jfaircloth@fairclothlaw.com
MARY KATHERINE PRICE (La. #38576)
kprice@fairclothlaw.com
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

*Counsel for the State of Louisiana*

STATE OF ALABAMA
Office of the Attorney General Steve Marshall
Edmund G. LaCour Jr.
  Solicitor General
Thomas A. Wilson
  Deputy Solicitor General
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
Tel.: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov

*Counsel for the State of Alabama*

CHRISTOPHER M. CARR
Georgia Attorney General
Stephen J. Petrany
  Solicitor General
Drew F. Waldbeser
  Deputy Solicitor General
Ross W. Bergethon
  Deputy Solicitor General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
spetrany@law.ga.gov
dwaldbeser@law.ga.gov

*Counsel for the State of Georgia*

LAWRENCE G. WASDEN
Idaho Attorney General
Brian Kane
  Chief Deputy Attorney General
Leslie M. Hayes
Megan A. Larrondo
  Deputy Attorneys General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8071
brian.kane@ag.idaho.gov
leslie.hayes@ag.idaho.gov
megan.larrondo@ag.idaho.gov

*Counsel for the State of Idaho*

THEODORE M. ROKITA
Indiana Attorney General
Thomas M. Fisher
  Solicitor General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN  46204

Tom.fisher@atg.in.gov

*Counsel for the State of Indiana*

DANIEL CAMERON
Kentucky Attorney General
Marc Manley
  Assistant Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
Marc.Manley@ky.gov

*Counsel for the Commonwealth of Kentucky*

LYNN FITCH
Attorney General of Mississippi
Whitney H. Lipscomb
  Deputy Attorney General
John V. Coghlan
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General
550 High Street
Jackson, MS 39201
Tel: (601) 359-3680

*Counsel for the State of Mississippi*

DAVE YOST
Ohio Attorney General
May Davis
  Deputy Solicitor General
615 W. Superior Ave., 11th Floor
Cleveland, OH 44113
May.Davis@OhioAGO.gov

*Counsel for the State of Ohio*

JOHN M. O'CONNOR
Attorney General of Oklahoma
Mithun Mansinghani
  Solicitor General
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
*Counsel for the State of Oklahoma*

ALAN WILSON
South Carolina Attorney General
Thomas T. Hydrick
  Assistant Deputy Solicitor General
Office of the Attorney General
Post Office Box 11549
Columbia, SC 29211
thomashydrick@scag.gov


*Counsel for the State of South Carolina*

SEAN D. REYES
Utah Attorney General
Melissa A. Holyoak
  Solicitor General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

PATRICK MORRISEY
West Virginia Attorney General
Lindsay S. See
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Lindsay.s.see@wvago.gov

*Counsel for the State of West Virginia*

BRYAN M. BOYNTON
Acting Assistant Attorney General

ALISA B. KLEIN
LAURA E. MYRON
  Attorneys, Appellate Staff
 Civil Division, Room 7228
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-1597
(202) 514-4819
Alisa.B.Klein@usdoj.gov
Laura.E.Myron@usdoj.gov

MICHELLE R. BENNETT
  Assistant Branch Director
  Federal Programs Branch
JOEL McELVAIN
  Senior Trial Counsel
JULIE STRAUS HARRIS
  Senior Trial Counsel
MICHAEL L. DREZNER
  Trial Attorney
U.S. Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: 9202) 616-8298
Fax: (202) 616-8470
Email: Joel.L.McElvain@usdoj.gov

*Counsel for Defendants-Appellants*

## PLAINTIFF-APPELLEES' EMERGENCY NOTICE OF DISTRICT COURT'S INDICATIVE RULING AND MOTION FOR REMAND

As required under Federal Rule of Appellate Procedure 12.1(a), the Plaintiff States provide notice of an indicative ruling by the district court. The Plaintiff States further move the Court pursuant to Rule 12.1(b) to remand this case to the district court so it can grant Plaintiff States' Motion for Leave to File Second Amended, Supplemental, and Restated Complaint and conduct further proceedings regarding (1) the legality of CMS's new guidance documents, and (2) the constitutionality of CMS's ongoing Vaccine Mandate enterprise under the Anti-Commandeering Doctrine.

The Plaintiff States request that this Court consider and grant this Motion on an emergency basis. A ruling is needed by Friday, February 11, 2022, to ensure that the Plaintiff States can resolve the matter before the CMS compliance deadlines occur on February 14, 2022. The deadline for states not previously subject to the district court's injunction has already occurred, on January 27, 2022.

### Procedural Background and Relief Requested

On November 30, 2021, the district court granted the Plaintiff States' motion for a preliminary injunction of "the CMS Mandate set forth in 86 Fed. Reg. 61555-01 (November 5, 2021) as to all healthcare providers, suppliers, owners, employees, and all others covered by said CMS Mandate." *Louisiana v. Becerra*, No. 3:21-CV-03970, 2021 WL 5609846, at *17 (W.D. La. Nov. 30, 2021). While ruling in favor

of the States on other issues, the district court ruled that, "[a]s this Court is unable to tell (at this point) whether and/or how many of the providers and suppliers are run by states, there is no evidence to prove the violation" of the Anti-Commandeering Doctrine. *Id.* at *15. Defendants requested a stay of the preliminary injunction, and the district court denied that request on December 1, 2021. *Louisiana v. Becerra*, No. 3:21-CV-03970, 2021 WL 5711601 (W.D. La. Dec. 1, 2021).

Defendants then appealed the preliminary injunction order to this Court and moved for a stay of the preliminary injunction pending appeal. On December 15, 2021, this Court denied the motion for a stay pending appeal "insofar as the order applies to the 14 Plaintiff States" but granted the stay "as to the order's application to any other jurisdiction." *Louisiana v. Becerra*, 20 F.4th 260, 264 (5th Cir. 2021) (per curiam). Defendants then applied at the U.S. Supreme Court for a complete stay of the district court's preliminary injunction, and the Supreme Court granted the stay in this and a related case on January 13, 2022. *Biden v. Missouri*, 142 S. Ct. 647, 655 (2022) (per curiam). The Supreme Court stayed the preliminary injunction pending appeal and the resolution of any potential petition by Defendants for a writ of certiorari at the Supreme Court. *Id.*

The day after the Supreme Court's stay decision, CMS announced that affected workers in Plaintiff States must receive the first dose of the COVID-19 vaccine by February 14, 2022, and achieve full vaccination by March 15, 2022. *See*

CMS, *Guidance for the Interim Final Rule – Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination* (Jan. 14, 2022), https://go.cms.gov/3HJGPnE. During this time, the Centers for Disease Control and Prevention ("CDC") publicly acknowledged fundamental changes in the underlying circumstances surrounding Defendants' Vaccine Mandate. *See, e.g.*, CDC COVID Data Tracker, *Variant Proportions* (Updated Jan. 25, 2022), https://bit.ly/34OQE57 (showing that the milder Omicron variant had replaced the Delta variant); Mark G. Thompson et al., *Effectiveness of a Third Dose of mRNA Vaccines Against COVID-19*, CDC Morbidity and Mortality Weekly Rep. 71:139–45, (Jan. 21, 2022), https://bit.ly/3Lnjlaf (acknowledging that Omicron's transmission is largely undeterred by the vaccines).

Despite the federal government's acknowledgement of these changed circumstances, Defendants plowed ahead with their implementation of the Vaccine Mandate, and on January 25, 2022, CMS issued new guidance imposing the Vaccine Mandate on state surveyors performing federal oversight of facilities that accept Medicaid and Medicare funds. CMS QSO-22-10-ALL, *Vaccination Expectations for Surveyors Performing Federal Oversight* (Jan 25, 2022), https://go.cms.gov/3JgvN9Y. The January 25 Guidance Mandate directs that "[s]urveyors who are not fully vaccinated should not participate as part of the onsite survey team performing federal oversight of certified providers and suppliers." *Id.*

CMS further noted that "[c]urrent performance and timeliness standards for State Survey Agencies and AOs remain, and consideration will not be provided for failures to meet these expectations due to a lack of vaccinated surveyors to complete the mandated workload." *Id.* This not only expands the Vaccine Mandate, it creates a new mandate directly applicable to the States. Moreover, on February 9, 2022, CMS mandated further guidance to state surveyors that not only dictates survey procedures but also demands that States send their surveyors out to enforce compliance at *every* covered facility or provider.  CMS QSO-22-12-ALL, *State Obligations to Survey to the Entirety of Medicare and Medicaid Health and Safety Requirements under the 1864 Agreement* (Feb. 9, 2022), https://go.cms.gov/3sPAPnt.

Accordingly, Plaintiff States—along with the State of Tennessee and the Commonwealth of Virginia—moved for leave to file a Second Amended, Supplemental, and Restated Complaint at the district court on February 4, 2022. (ECF No. 51.) This new complaint raises APA and constitutional claims not addressed by the Supreme Court's stay decision, including issues relating to the January 25 Guidance for state surveyors (an event that occurred after the Supreme Court's decision) and the Anti-Commandeering Doctrine (an issue that was neither briefed before the Supreme Court nor in Defendants' preliminary-injunction briefing before this Court).

Yesterday, February 9, 2022, the district court issued an indicative ruling in favor of the Plaintiff States under Fed. R. Civ. P. 62.1. The order is attached as Exhibit A. The court determined that the Plaintiff States raised two issues that were unrelated to the matter currently on appeal: (1) the legality of CMS's new guidance documents,[1] and (2) the constitutionality of CMS's ongoing Vaccine Mandate enterprise under the Anti-Commandeering Doctrine. Because of those two new issues, the district court explained that, if this Court were to remand the matter back to the district court, *see* Fed. R. App. P. 12.1, it would grant the Plaintiff States' Motion for Leave to File Second Amended, Supplemental, and Restated Complaint.

And the Associated Press just reported that "the White House insisted Wednesday it is making plans for a less-disruptive phase of the national virus response." Zeke Miller, *Under Pressure To Ease Up, Biden Weighs New Virus Response*, AP (Feb. 9, 2022), https://apnews.com/article/coronavirus-pandemic-health-public-health-0914e7f95784dee7c69475faa1ef0d51. Yet, Defendants apparently are moving full-steam ahead on forcing one subset of workers to choose Monday between getting vaccinated and losing their livelihoods. Because this is extremely inequitable, Plaintiff States request this Court to remand so the district

---

[1] In discussing "the Surveyor Vaccine Mandate," the district court did not reference the February 9 Guidance because the Defendants issued the guidance the same day as the indicative ruling without giving either the Plaintiff States or the district court notice that it planned to do so

court can grant the motion to file the new complaint and to conduct further proceedings regarding those two issues.

## Conclusion

In light of the indicative ruling, the Plaintiff States respectfully request this Court to remand in order for the district court to grant Plaintiff States' Motion for Leave to File Second Amended, Supplemental, and Restated Complaint and to conduct further proceedings regarding (1) the legality of CMS's new guidance documents, and (2) the constitutionality of CMS's ongoing Vaccine Mandate enterprise under the Anti-Commandeering Doctrine.

Dated:  February 10, 2022                    Respectfully Submitted,

                                             By:  */s/ Elizabeth B. Murrill.*

AUSTIN KNUDSEN                               Elizabeth B. Murrill (La #20685)
Montana Attorney General                       Solicitor General
David Dewhirst                               J. Scott St. John (La #36682)
  Solicitor General                            Deputy Solicitor General
Kathleen L. Smithgall                        Morgan Brungard
  Assistant Solicitor General                Josiah Kollmeyer (La #39026)
215 North Sanders Street                       Assistant Solicitors General
Helena, MT 59601                             LOUISIANA DEPARTMENT OF JUSTICE
David.Dewhirst@mt.gov                        1885 N. Third Street
Kathleen.Smithgall@mt.gov                    Baton Rouge, Louisiana 70804
                                             Tel: (225) 326-6766
*Counsel for the State of Montana*           murrille@ag.louisiana.gov
                                             stjohnj@ag.louisiana.gov
                                             brungardm@ag.louisiana.gov
                                             kollmeyerj@ag.louisiana.gov

MARK BRNOVICH
  Arizona Attorney General
Drew C. Ensign
  Deputy Solicitor General
2005 North Central Avenue
Phoenix, AZ 85004
Robert.makar@azag.gov

*Counsel for the State of Arizona*

STATE OF ALABAMA
Office of the Attorney General Steve
Marshall
Edmund G. LaCour Jr.
  Solicitor General
Thomas A. Wilson
  Deputy Solicitor General
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
Tel.: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov

*Counsel for the State of Alabama*

LAWRENCE G. WASDEN
Idaho Attorney General
Brian Kane
  Chief Deputy Attorney General
Leslie M. Hayes
Megan A. Larrondo
  Deputy Attorneys General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8071
brian.kane@ag.idaho.gov
leslie.hayes@ag.idaho.gov
megan.larrondo@ag.idaho.gov

*Counsel for the State of Idaho*

Jimmy R. Faircloth, Jr. (La. #20645)
jfaircloth@fairclothlaw.com
Mary Katherine Price (La. #38576)
kprice@fairclothlaw.com
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

*Counsel for the State of Louisiana*

CHRISTOPHER M. CARR
Georgia Attorney General
Stephen J. Petrany
  Solicitor General
Drew F. Waldbeser
  Deputy Solicitor General
Ross W. Bergethon
  Deputy Solicitor General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
spetrany@law.ga.gov
dwaldbeser@law.ga.gov

*Counsel for the State of Georgia*

THEODORE M. ROKITA
Indiana Attorney General
Thomas M. Fisher
  Solicitor General
Indiana Government Center South 302
W. Washington St., 5th Floor
Indianapolis, IN  46204
Tom.fisher@atg.in.gov

*Counsel for the State of Indiana*

JOHN M. O'CONNOR
Attorney General of Oklahoma
Mithun Mansinghani
  Solicitor General
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921

LYNN FITCH
Attorney General of Mississippi
Whitney H. Lipscomb
  Deputy Attorney General
John V. Coghlan
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General
550 High Street
Jackson, MS 39201
Tel: (601) 359-3680

*Counsel for the State of Mississippi*

SEAN D. REYES
Utah Attorney General
Melissa A. Holyoak
  Solicitor General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

DANIEL CAMERON
Kentucky Attorney General
Marc Manley
  Assistant Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
Marc.Manley@ky.gov

*Counsel for the Commonwealth of Kentucky*

*Counsel for the State of Oklahoma*

ALAN WILSON
South Carolina Attorney General
Thomas T. Hydrick
  Assistant Deputy Solicitor General
Office of the Attorney General
Post Office Box 11549
Columbia, SC 29211
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

PATRICK MORRISEY
West Virginia Attorney General
Lindsay S. See
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Lindsay.s.see@wvago.gov

*Counsel for the State of West Virginia*

DAVE YOST
Ohio Attorney General
May Davis
  Deputy Solicitor General
615 W. Superior Ave., 11th Floor
Cleveland, OH 44113
May.Davis@OhioAGO.gov

*Counsel for the State of Ohio*

## <u>CERTIFICATE OF COMPLIANCE</u>

This Document complies with the type-volume limit of Fed. R. App. 27(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 27(d)(2), this document contains 2,513 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) and 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14pt sized, Times New Roman type style.

Dated: February 10, 2022          */s/ Elizabeth B. Murrill*
                                   Elizabeth B. Murrill

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of February, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants.


/s/ *Elizabeth B. Murrill*
Elizabeth B. Murrill

.